IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO CHILDRESS, § | | |
|     Petitioner, § | | |
| § | | |
| VS. § | | C.A. NO. C-07-65 |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| DIRECTOR, TEXAS DEPT. OF § | | |
| CRIMINAL JUSTICE–CORRECTIONAL § | | |
| INSTITUTIONS DIVISION, § | | |
|     Respondent. § | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division, ("TDCJ-CID"), and currently is incarcerated at the Terrell Unit in Rosharon, Texas.  He was convicted of the offenses for which he currently is incarcerated in Duval County, Texas.  Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on January 31, 2007 (D.E. 1).  Petitioner claims that his constitutional rights are being violated in a number of ways stemming from his 1986 conviction for aggravated sexual assault.  Respondent filed an answer and motion to dismiss on June 14, 2007 in which he argues that petitioner's cause of action is second or successive and time-barred and that some of his claims are barred by the federal procedural default doctrine and should be dismissed with prejudice (D.E. 21).  On June 27, 2007 respondent filed a motion to stay proceedings so that he can request permission from the Fifth Circuit Court of Appeals to file a second or successive petition (D.E. 22).

## JURISDICTION

Petitioner is challenging his conviction in Duval County, Texas.  This court has jurisdiction over the petition pursuant to 28 U.S.C. § 1331 and the case may be heard in this district court.[1]  Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On August 25, 1986, following a not guilty plea, petitioner was convicted in the 229th District Court of Duval County, Texas of aggravated sexual assault.  He was sentenced to 50 years incarceration in TDCJ-CID.  Ex Parte Childress, App. No. WR-20,220-01 at 2 (event date: 9/11/1989).[2]  Petitioner appealed the conviction and it was affirmed.  Childress v. State, No. 04-86-00503-CR (Tex.App.– San Antonio1987).  Petitioner filed a petition for discretionary review but it was refused on May 25, 1988.  Childress v. State, No. 251-88.

Petitioner has filed six applications for habeas corpus relief in state court.  Ex Parte Childress, Apps. No. WR-20,220-01 and -02 were denied without written order on May 9, 1990 and October 17, 1990 respectively.  Id., at covers.  Application number WR-20,220-03 was denied without written order on findings of trial court after a hearing on January 18, 1995.  Id. at cover.  Application numbers WR-20,220-04, -05 and -06 were dismissed

---

[1]Subject to the "second or successive" analysis given below.

[2]The state court records are located at D.E. 17.

for abuse of the writ, pursuant to TEX. CODE CRIM. PROC. art. 11.07 § 4(a)-(c) on September 16, 1998, October 4, 2006 and April 18, 2007 respectively. Id. at covers.

Petitioner also has filed two federal applications for habeas corpus relief. The first, Childress v. Collins, No. C-91-197 (S.D. Tex. 1992), was dismissed without prejudice on August 20, 1992 (D.E. 21-2, pp. 9-17). The second, Childress v. TDCJ-ID, No. 95-310 (S.D. Tex. 1996), was denied with prejudice on April 22, 1996 (D.E. 21-2, pp. 20-30).

In petitioner's third federal petition, he makes the following due process claims: (1) The prosecuting attorney fraudulently concealed exculpatory forensic medical evidence; (2) The state relied on perjured testimony; (3) Counsel failed to investigate, develop and present relevant medical evidence that petitioner was impotent and did not have Gonorrhea; (4) Counsel failed to object to prosecutor's improper jury argument; (5) The prosecutor engaged in improper jury argument (6) He is legally innocent of the charges; (7) A juror made a highly prejudicial comment during jury selection and (8) The state court abused its discretion when it dismissed his habeas petition (D.E. 1).

In his motion to dismiss, respondent argues that petitioner's request for habeas relief is second or successive and this court does not have jurisdiction to hear the claims. In addition, respondent argues that petitioner's claims are time-barred and that some of his claims are barred by the federal procedural default doctrine (D.E. 21). Petitioner responded to the motion to dismiss by asking this court to stay proceedings so that he can seek permission from the Fifth Circuit to file a successive petition (D.E. 22).

## APPLICABLE LAW

**A. Second or Successive**

The enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996)("AEDPA") made it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999), cert. denied, 529 U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)(citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Regarding petitioner's claims arising out if his 1986 trial, his prior habeas action challenged the same conviction he challenges herein and he either raised or could have raised the claims there. His instant petition bringing up those claims clearly is "second or successive."

This court lacks jurisdiction over a habeas action that is "second or successive." See Key, 205 F.3d at 774; Hooker v Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. See 28 U.S.C. §2244 (b)(3)(A). See also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002); In re Epps, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute,[3] dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Petitioner asks that this court stay proceedings so that he can seek permission from the Fifth Circuit Court of Appeals to file a second or successive petition. However, because this court does not have jurisdiction to hear petitioner's claim, it is without authority to enter a stay of the proceedings. See Willy v. Coastal Corp., 503 U.S. 131, 137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992)("A final

---

[3]Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."). Accordingly, it is recommended that petitioner's claims arising out of the original state court proceedings be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

## B.  Statute of Limitations

In the alternative, respondent moves to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set forth in the AEDPA.  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant  was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.


28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus on November 30, 2006 and so is subject to the AEDPA provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

In United States v. Flores, 135 F.3d 1000 (5th Cir. 1998), the Fifth Circuit held that prisoners were entitled to a reasonable time after the AEDPA became effective to file petitions for collateral relief under 28 U.S.C. §§ 2254 and 2255.  The court further found that a reasonable period under AEDPA for causes of action accruing prior to April 24, 1996 was one year from the date it was enacted, or April 23, 1997.  Id., 135 F.3d at 1006.

The limitation period in petitioner's case expired on August 23, 1989, or one year after the 90-day period for filing a writ of certiorari to the United States Supreme Court.  SUP. CT. R. 13.[4]  Hence Flores's one-year reasonable time limit would apply, making the last day he could have filed his petition April 23, 1997.  Petitioner did not file this current petition until January 31, 2007, almost 10 years after the deadline, making it time-barred.

The one-year grace period is tolled during all time periods in which a properly filed state petition for habeas corpus is pending, Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1998).  Petitioner's first three petitions were filed before the deadline started to run and cannot serve to toll the statute of limitations.  Petitioner's last three petitions were all filed after the deadline ran on April 23, 1997, so they also would not have served to

---

[4]The Texas Court of Criminal Appeals refused the petition for discretionary review on May 25, 1988.

toll the statute of limitations period. Accordingly, petitioner's cause of action should be dismissed as time-barred.

Nor has petitioner shown that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted). Because equitable tolling is available only when the petitioner meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases. Henderson v. Johnson, 1 F.Supp.2d 650, 653 (N.D. Tex. 1998); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). See also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)(commenting that court can allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner has presented neither evidence nor argument that his claims are subject to equitable tolling. Accordingly, the statute of limitations in petitioner's case is not subject to equitable tolling and all of petitioner's claims arising out of his original conviction are time-barred and should be dismissed with prejudice.

**C. Procedural Bar**

In addition to the foregoing, respondent argues that petitioner's claims that the prosecutor used perjured testimony to secure the conviction, that the prosecutor used improper jury argument and that his attorney failed to object to the improper jury argument are barred because the claims were presented in requests for relief which the Texas Court of Criminal Appeals dismissed for abuse of the writ. A federal court is barred from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." Id., 501 U.S. at 729-730, 111 S.Ct. at 2554.

A federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default. Dretke v. Haley. 541 U.S. 386, 388, 124 S.Ct. 1847, 1849, 158 L.Ed.2d 659 (2004). If a prisoner is represented by constitutionally effective counsel under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), the existence of cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded his counsel's efforts to comply with the State's procedural rule. Generally, that standard requires a showing

9

that the factual or legal basis of the claim was not reasonably available to counsel or that some interference by officials made compliance impracticable.  Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)(internal citations omitted). In addition, ineffective assistance of counsel may be asserted as a cause of procedural default, although it must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  Id., 477 U.S. at 489, 106 S.Ct. at 1646.

In this case, the claims described above--that the prosecutor used perjured testimony to secure the conviction, that the prosecutor used improper jury argument and that petitioner's attorney failed to object to the improper jury argument--were presented to the state court in petitions that were subsequently dismissed for abuse or the writ, pursuant to TEX. CODE CRIM. PROC. art. 11.07 § 4(a)-(c).  See e.g. Ex Parte Childress, App. No. WR-20,220-05 at 31, 75.  Accordingly, the claims are procedurally barred and should be dismissed.

**D.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds. If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss (D.E. 21) be granted and petitioner's causes of action arising out of his original conviction be dismissed without prejudice so that he may seek authorization from the Fifth Circuit to file a second or successive petition. In the alternative, petitioner's causes of action should be dismissed as time-barred. Also, it is recommended that petitioner's claims that the prosecutor used perjured testimony to secure the conviction, that the prosecutor used improper jury argument and that his attorney failed to object to the improper jury argument be dismissed because the claims are procedurally barred. In addition, if petitioner seeks a certificate of appealability, it is respectfully recommended that his request be denied. It is further recommended that petitioner's motion for a stay (D.E. 22) be denied.

Respectfully submitted this 19th day of July, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).